UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

MILTON D. RICKMAN,

        Plaintiff,                  Case No. 2:16-cv-101

v.                                          Honorable Robert Holmes Bell

MICHAEL MARTIN, et al.,

        Defendants.
_____ /

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Daniel H. Heyns, Richard Russell, and James Bolton. The Court will serve the complaint against Defendants Michael Martin, Unknown Rink, and David Leach.

**Discussion**

  I.  Factual allegations

  Plaintiff Milton D. Rickman, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Special Activities Coordinator Michael Martin, Chaplain Unknown Rink, MDOC Director Daniel H. Heyns, Hearing Administrator Richard Russell, Special Activities Coordinator David Leach, and Chaplain James Bolton.

  Plaintiff states that his religious affiliation is Hebrew Israelite. In his complaint, Plaintiff alleges that on May 1, 2013, Plaintiff's request for a religious diet was denied by Defendant Martin. Plaintiff wrote to Defendant Bolton, asking why his request had been denied. Defendant Bolton indicated that he had recommended granting Plaintiff's request and did not know why the request had been denied in Lansing. Plaintiff wrote a letter to Defendant Martin asking why he had denied Plaintiff's request for a religious diet. On November, 3, 2013, Plaintiff filed a grievance on Defendant Bolton for not approving his request to change his religious preference to Hebrew Israelite because the MDOC did not recognize that religion. On March 21, 2014, Plaintiff sent a request for a declaratory judgment to Defendant Heyns requesting that the MDOC recognize the Hebrew Israelite religion. On April 25, 2014, Plaintiff received a letter from Daphne M. Johnson, Administrator of the Office of Legal Affairs, stating that if a non-recognized religion would like to be recognized, members needed to submit supporting documents and materials to the Warden or Designee for approval. Ms. Johnson also stated that the vegan menu served at URF was Kosher and that Plaintiff could request the vegan menu pursuant to Policy Directives 04.07.100 and 05.03.150. On June 3, 2014, Plaintiff sent a letter to Defendant Bolton, requesting a copy of the religious diet

request that he had sent on Plaintiff's behalf. On August 19, 2014, Plaintiff sent a request for declaratory judgment to Defendant Heyns, seeking a religious diet.

On June 5, 2014, Plaintiff's second request for a religious diet was denied by Defendant Leach. On August 5, 2014, Plaintiff sent a letter to Defendant Heyns asking him to investigate why he had been denied a religious diet on two occasions. On September 24, 2014, Plaintiff received a memo from Defendant Leach stating that the denial of a religious diet was a grievable issue. On November 3, 2014, Plaintiff filed a grievance on Defendants Martin and Leach, seeking an explanation for the denial of his religious diet requests. On November 25, 2014, Plaintiff received a memo from Defendant Russell stating that he must submit a legible step I grievance. On December 8, 2014, Plaintiff filed a grievance on Defendant Leach for the denial of a religious diet, and for the failure to give a reason for the denial. On May 21, 2015, Plaintiff wrote a letter to Defendant Rink asking him why Plaintiff's request for a Star of David medal and a Kufi cap was denied, but received no response.

Plaintiff claims that Defendants' conduct violated his right to religious freedom under the First Amendment, as well as under RLUIPA. Plaintiff also claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment, and that his Fourteenth Amendment equal protection rights were violated. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff fails to make specific factual allegations

against Defendants Heyns and Russell, other than his claim that they failed to conduct an investigation in response to his grievances. Nor does Plaintiff allege any facts showing that Defendant Bolton violated his rights. In fact, it appears from the complaint, as well as the attachments thereto, that Defendant Bolton actually recommended that Plaintiff receive a religious diet. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, Russell, and Bolton engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Plaintiff claims that Defendants' denial of his request for a religious diet violated his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46

(1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's claim that he was denied a special religious diet does not rise to the level of an Eighth Amendment deprivation. Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

With regard to Plaintiff's equal protection claims against Defendants Martin and Leach, he alleges that he was intentionally treated differently than other prisoners who were members of the Hebrew Israelite religion and were given a religious diet following their first request. Plaintiff's allegations, if true, could support his claim for relief. Accordingly, Plaintiff's

equal protection claims against Defendants Martin and Leach are sufficient to warrant service of his complaint.

Finally, with regard to Plaintiff's First Amendment and RLUIPA claims against Defendants Martin and Leach, for denying him a religious diet, and against Defendant Rink for denying him a Kufi cap and Star of David, the Court concludes that these claims are nonfrivolous and may not be dismissed on initial review.

### III. Motion for temporary restraining order

Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction (ECF No. 3), seeking immediate placement on a religious diet. The issuance of preliminary injunctive relief is committed to the discretion of the district court. *See Ne. Ohio Coal. v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). In exercising that discretion, a court must consider whether the plaintiff has established the following elements: (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. *Id.* These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be "carefully balanced" by the district court in exercising its equitable powers. *Frisch's Rest., Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *see also Ne. Ohio Coal*, 467 F.3d at 1009. Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432 at 438 n.3, (6th Cir. 1984). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v.*

*Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Under controlling Sixth Circuit authority, Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his section 1983 action. *NAACP v. Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Plaintiff has not done so. It is not at all clear from Plaintiff's *pro se* complaint or subsequent filings that Plaintiff has a substantial likelihood of success on his constitutional claims. Although the Court makes no final determination on this issue, it appears at this preliminary stage that Plaintiff has not made a substantial showing of a violation of any of his constitutional rights. Therefore, the Court will deny Plaintiff's motion (ECF No. 3).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, Russell, and Bolton will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), as will Plaintiff's Eighth Amendment claims against all Defendants. The Court will serve the complaint against Defendants Martin, Rink, and Leach with regard to Plaintiff's First Amendment and RLUIPA claims, and against Defendants Martin and Leach with regard to Plaintiff's equal protection claims. Finally, the Court will deny Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 3).

An Order consistent with this Opinion will be entered.

Dated: September 8, 2016　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE