UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILTON RICKMAN,

    Plaintiff,

v.                                              Case No. 2:16-CV-101

MICHAEL MARTIN, et al.,                HON. GORDON J. QUIST

    Defendants.
    _____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner, Milton Rickman, under 42 U.S.C. § 1983. Rickman is suing former Special Activities Coordinator Michael Martin, current Special Activities Coordinator David Leach, and Chippewa Correctional Facility Chaplain David Rink. The parties filed cross-motions for summary judgment. (ECF Nos. 48 & 51.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) (ECF No. 59), to which Rickman objected. (ECF No. 60.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Rickman's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R recommends the following:

- Rickman's motion for summary judgment be denied.

- Defendants' motion for summary judgment be granted in part and denied in part.

- To the extent Rickman seeks monetary damages against Defendants in their official capacities, the claims should be dismissed.

- Rink is entitled to qualified immunity, so Rickman's claims against Rink in his personal-capacity should be dismissed.

- To the extent Rickman seeks monetary damages for his RLUIPA claims, the claims should be dismissed.

- Rickman's equal protection claims against Martin and Leach should be dismissed.

- To the extent Rickman seeks prospective relief in any of his claims against Martin, those claims are moot.

Rickman made four objections. First, that the magistrate judge erred in finding that there was a genuine issue of material fact about whether Rickman holds a sincerely held religious belief. Rickman fails to distinguish the reality that "the sincerity of one's religious beliefs is decidedly a question of fact" and, therefore, inappropriate for the Court to decide on summary judgment. *Hall v. Martin*, No. 1:10-CV-1221, 2015 WL 1191886, at *5 (W.D. Mich. Mar. 11, 2015) (citing *United States v. Seeger*, 380 U.S. 163, 185, 85 S. Ct. 850, 863 (1965)). The cases Rickman cites do not say otherwise and do not help his argument. In fact, one of his cases supports the R & R. In *Shaheed-Muhammad v. Dipaolo*, 393 F. Supp. 2d 80, 90 (D. Mass. 2005), the court stated, "I question any court's ability to determine the sincerity of a plaintiff's beliefs on a cold record." The court accordingly denied the defendants summary judgment on the question of the sincerity of the plaintiff's religious belief. Accordingly, Rickman's first objection will be overruled.

Second, Rickman argues that the magistrate judge erred in finding that it was unclear whether Rickman's religious belief was substantially burdened. MDOC policy requires that when an inmate of an unrecognized religion wants to possess a religious item, the inmate must submit a written request to the warden. The magistrate judge found that it was unclear whether Rickman had done so. Rickman objects and cites to a proposal he sent to the warden. However, his proposal makes no mention of a kufi cap or Star of David pendant, let alone a specific request for the items. Instead, the proposal broadly describes the Hebrew Israelite religion. (ECF No. 60-1 at PageID.487.) Accordingly, Rickman's second objection will be overruled.

Third, Rickman argues that the magistrate judge erred in concluding that Rink is entitled to qualified immunity on the personal capacity claim for damages. The magistrate judge found that it was not clearly established that a Hebrew Israelite inmate has a right to possess a kufi cap, Star of David pendant, or any other religious material. The Court disagrees with the R & R that the right must be clearly established as to Hebrew Israelites specifically. Rather, the question is whether the right to possess religious material generally is clearly established. That being said, the Court is unaware of such a clearly established right in the Sixth Circuit. *Davila v. Marshall*, 649 F. App'x 977, 982 (11th Cir. 2016) ("Davila has not pointed to any other precedent that clearly established that prison officials were required to hand over his Spanish language bible without delay, or that they were compelled to provide him his other four bead necklaces."); *Entler v. Knox*, No. C12-0962RSL, 2013 WL 5406213, at *5 (W.D. Wash. Sept. 26, 2013) (finding that defendants could not reasonably have known that a torn t-shirt was a religious item, and therefore were entitled to qualified immunity); *see also Harvey v. Adams Cnty. Sheriff's Office*, No. CIVA 05CV01090 BNBCM, 2008 WL 2396761, at *11 (D. Colo. June 4, 2008) (not reaching the issue of whether the denial of religious materials violated a clearly established right); *Ward v. Walsh*, 1 F.3d 873,

3

880 (9th Cir. 1993) (holding that prison officials had no obligation to provide a rabbi to plaintiff); *but see Presley v. Edwards*, No. 2:04-CV-729WKW, 2008 WL 495875, at *6 (M.D. Ala. Feb. 20, 2008) (holding that "[b]ecause the law was clearly established that *an inmate cannot be arbitrarily denied access to his religious items* the court concludes that Edwards is not entitled to qualified immunity." (emphasis added)), *aff'd*, 308 F. App'x 310 (11th Cir. 2009). Rickman has not met his burden of demonstrating that the right is clearly established—the unpublished and unbinding cases he cites do not help him meet his burden. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011). Accordingly, Rickman's third objection will be overruled.

Fourth, Rickman argues that the magistrate judge erred in concluding that he failed to submit any evidence that he was intentionally discriminated against based on his religion. Rickman fails to present evidence in his objection that Martin and Leach purposefully discriminated against him. His arguments in his objection are not persuasive. Accordingly, Rickman's fourth objection will be overruled.

Rickman did not make any other objection to the R & R. Any remaining objection is therefore deemed waived.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 59) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objections (ECF No. 60) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 51) is **DENIED**, and Defendants' Motion for Summary Judgment (ECF No. 48) is **GRANTED IN PART** and **DENIED IN PART** in accordance with this Order.

**IT IS FURTHER ORDERED** that to the extent Rickman seeks monetary damages against Defendants in their official capacities, the claims are **dismissed**. Rickman's claims against Rink in his personal-capacity are **dismissed**. To the extent Rickman seeks monetary damages for his RLUIPA claims, the claims are **dismissed**. Rickman's equal protection claims against Martin and Leach are **dismissed**. To the extent Rickman seeks prospective relief in any of his claims against Martin, those claims are **dismissed**.

The case will continue as to following:

- Rickman's First Amendment claim for monetary damages against Martin and Leach in their personal capacities.

- Rickman's First Amendment claim for prospective relief against Martin, Leach, and Rink.

- Rickman's RLUIPA claim for prospective relief against Leach and Rink.

Dated: April 2, 2018               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                           UNITED STATES DISTRICT JUDGE